IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. LUIPPOLD,

    Plaintiff,

v.

ROCKWELL INTERNATIONAL, INC.,

    Defendants

No. C-08-5724 MMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES; VACATING HEARING**

Before the Court is plaintiff Michael J. Luippold's ("Luippold") "Motion to Remand Action to State Court and Request for Monetary Sanctions Pursuant to 18 U.S.C. Section 1447," filed January 21, 2009. Defendant Delta International Machinery Corporation ("Delta") has not filed a response.[1] Having read and considered the papers submitted in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for February 27, 2009, and rules as follows.

Luippold's initial complaint, filed in state court on December 26, 2007, alleges state law claims against six named defendants, as well as a number of "Doe" defendants. On

---

[1] On January 5, 2009, before the motion to remand was filed, Delta filed a motion to strike Luippold's "Amendment to Complaint," and requested therein that the Court consider the merits of Luippold's claims. Delta does not address therein why the Court's exercise of jurisdiction over the instant action would be proper, other than to state, without elaboration, that diversity jurisdiction is "apparent from the face of [Luippold's] state court complaint." (See Motion to Strike at 2:2-3.)

December 23, 2008, Delta filed a Notice of Removal, in which Delta asserts the district court has diversity jurisdiction over the initial complaint, on the ground that Luippold is a citizen of California, Delta is a citizen of Minnesota, and the amount in controversy exceeds $75,000.  (See Notice of Removal ¶¶ 4-6.)  Delta further asserts in its Notice of Removal that Delta is the "successor-in-interest to all of the named defendants in this case, and as such is the only defendant" (see id. ¶ 8).

Luippold seeks remand on the ground that Delta cannot establish the parties hereto are diverse and, alternatively, that Delta failed to remove the instant action within the 30-day limit set forth in 28 U.S.C. § 1446(b).  Additionally, Luippold argues, it is entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).

**A.  Subject Matter Jurisdiction**

It is a "core principle of federal removal jurisdiction on the basis of diversity" that diversity of citizenship must exist both at the time "the complaint is filed" and at the time "removal is effected."  See Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1131 (9th Cir. 2002).

The initial complaint alleges that three of the six named defendants, specifically, Rockwell International, Inc. ("Rockwell"), Orsen Porter Rockwell International ("Orsen"), and Porter-Cable Corporation ("Porter-Cable"), are California corporations.  (See Compl. ¶¶ 2, 4, 6.)  As noted, Delta, in its Notice of Removal, asserts it is the "only" defendant because it is the "successor-in-interest" to each of the six named defendants.  In other words, Delta asserts, the six named defendants no longer exist.

Luippold argues that Delta cannot meet its burden of establishing Rockwell and Orsen do not exist.[2]  In support of his argument, Luippold offers documents issued by the California Secretary of State, indicating that both Rockwell and Porter were, as of January 16, 2009, California corporations.  (See Dresser Decl. Exs. D, E.)

As discussed above, Delta has failed to file any opposition to the motion to remand,

---

[2]Luippold does not specifically address his allegation that Porter-Cable is a California corporation.

1  and, as a consequence, has failed to offer any evidence to support a finding that Rockwell,
2  Orsen, and Porter-Cable did not exist at the time the initial complaint was filed and also at
3  the time Delta removed the instant action.  In particular, with respect to Rockwell and
4  Orsen, Delta, by failing to oppose the motion to remand, has failed to show the Secretary of
5  State's records are incorrect.  Consequently, Delta has failed to show the parties were
6  diverse at the time the initial complaint was filed and at the time Delta filed its Notice of
7  Removal.

8  Accordingly, the Court finds it lacks subject matter jurisdiction over the instant
9  action.

**B.  Timeliness of Removal**

As set forth below, even if the Court were to find diversity jurisdiction exists, such finding would be of no avail to Delta.

A notice of removal must be filed within thirty days of the defendant's receipt of the initial complaint where, as here, the removing party asserts it can determine removability from the face of the initial complaint.  See 28 U.S.C. § 1446(b).[3]  In support of the instant motion, Luippold offers proof that he served Rockwell with the initial complaint on June 9, 2008.  (See Dresser Decl. ¶ 5, Ex. B.)  In its Notice of Removal, Delta concedes it was served on a date prior to July 9, 2008 (see Notice of Removal ¶ 1), and, as noted, asserts it is the successor-in-interest to Rockwell (see id. ¶¶ 2, 8).  As discussed above, Delta has failed to demonstrate Rockwell does not exist as an entity separate from Delta.  Even assuming, arguendo, such a showing were made, the legal effect thereof would be of no assistance to Delta as service on Rockwell would have constituted service on Delta, and, as noted, Delta failed to file its Notice of Removal until December 23, 2008, well beyond the 30-day requirement set forth in § 1446(b).

Accordingly, even if Delta could establish diversity jurisdiction over the instant action, Delta's removal would be untimely.

---

[3] As stated above, Delta, in its motion to strike, asserts that diversity jurisdiction was "apparent from the face of [Luippold's] state court complaint."  (See, supra, n. 1.)

**C. Award of Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under § 1447(c) is proper where "the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 135, 141 (2005) (affirming decision that defendant had reasonable basis to remove, where removal was based on authority not found to be "unsound" until after removal).

Delta did not file a response to the motion to remand and, as a consequence, has not offered an explanation for its removal; in particular, Delta has not stated why it had an objectively reasonable basis for believing the parties were diverse, either at the time the initial complaint was filed or at the time Delta removed the instant action. As discussed above, Delta, although given the opportunity to do so in response to the motion to remand, has failed to provide any evidence to support a finding that Rockwell, Orsen, and Porter-Cable did not exist at the time the complaint was filed and at the time Delta filed the Notice of Removal. Further, Delta, although given the opportunity to do so in response to the motion to remand, has failed to offer any evidence to support a finding of any error in the Secretary of State's records indicating Rockwell and Orsen's standing as California corporations. Under such circumstances, the Court finds Delta lacked an objectively reasonable basis upon which to remove the instant action on the ground of diversity.

Moreover, even if Delta was of the view that it constituted the "only defendant," Delta's Notice of Removal was, as discussed above, clearly untimely, as it was filed more than five months after the 30-day deadline set forth in § 1446(b). Again, Delta, by failing to file a response to the instant motion, fails to offer any explanation for such delay. Consequently, for this alternative reason, the Court finds Delta, even if it could have established diversity, lacked an objectively reasonable basis for removing the action.

Accordingly, the Court finds Luippold is entitled to an award of reasonable fees incurred as a result of the removal.

In support of the instant motion, Luippold relies on the declaration of his counsel, who states his hourly rate is $225, and that he has expended approximately ten and a half hours researching and preparing the instant motion. The Court finds the requested rate is reasonable and that the hours claimed were reasonably expended.

Accordingly, Luippold will be awarded the sum of $2362.50.

## CONCLUSION

For the reasons stated above, Luippold's motion to remand and request for an award of attorney's fees is hereby GRANTED, as follows:

1. The matter is hereby REMANDED to the Superior Court of California, in and for the County of Alameda;[4] and

2. Luippold is awarded his attorney's fees as against Delta in the sum of $2362.50.

**IT IS SO ORDERED.**

Dated: February 23, 2009

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of the remand, Delta's motion to strike the Amendment to Complaint is hereby DENIED without prejudice to Delta's renoticing the matter, as appropriate, in state court.